UNITED STATES of America, Appellant,

v.

Charles L. CISSELL, Appellee.

Supreme Court of Kentucky.

Dec. 14, 1982.

Ronald E. Meredith, U.S. Atty., Richard A. Dennis, Asst. U.S. Atty., Louisville, for appellant.

Frank E. Haddad, Jr., Samuel Manly, Louisville, for appellee.

OPINION OF THE COURT CERTIFYING THE LAW.

In accordance with CR 76.37 the United States Court of Appeals for the Sixth Circuit has certified to this court the following question of law:

"Whether KRS 521.020[1](a), the Bribery of a Public Servant statute, is violated by a person who is not himself a 'public servant,' when said person accepts money from another upon the promise to 'pay off' a judge or influence a judge's actions, where the person accepting the money, in fact, never has any contact with the judge, directly or indirectly, regarding any such payment?"

The relevant portion of KRS 521.020 reads:

"521.020. *Bribery of Public Servant.* —(1) A person is guilty of bribery of a public servant when:

(a) He offers, confers or agrees to confer any pecuniary benefit upon a public servant with the intent to influence the public servant's vote, opinion, judgment, exercise of discretion or other action in his official capacity as a public servant; ..."

It is the opinion of this court that if the person accused of bribery has neither conferred any pecuniary benefit upon nor directed any communication to the public servant he has not violated KRS 521.-020(1)(a). Hence the answer to the question is "no," and the law is so certified.

All concur.