**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles L. CISSELL, Defendant-Appellant.**

No. 81–5405.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 2, 1982.

Decided Feb. 25, 1983.

MERRITT, Circuit Judge.

Charles L. Cissell appeals his jury conviction for violating the RICO statute, 18 U.S.C. §§ 1962(c) and 1963. Appellant, while a special bailiff of the Jefferson County Circuit Court, allegedly accepted money from criminal defendants in exchange for promises to affect the outcomes of their cases. The government failed to show that appellant ever actually gave any money to any Kentucky judge or communicated an offer of money to a judge. The parties have stipulated, in fact, that if called as witnesses, the Jefferson Circuit judges would all testify that they had had no contact with the appellant and had received nothing of pecuniary value from Cissell.

Appellant was convicted of one count of unlawfully participating in a pattern of racketeering activity in violation of the RICO statute, which defines "racketeering activity" to include "bribery ... which is chargeable under State law...." 18 U.S.C. § 1961(1). The predicate offenses for Cissell's RICO conviction were three acts of bribery[1] in violation of Kentucky Revised Statute § 521.020. This state statute, enacted in 1974, provides as follows:

521.020 *Bribery of Public Servant—*

(1) A person is guilty of bribery of a public servant when: (a) He offers, confers or agrees to confer any pecuniary

Frank Haddad Jr. (argued), Samuel Manly, Louisville, Ky., for defendant-appellant.

Alexander T. Taft, Jr., Acting U.S. Atty., Louisville, Ky., Richard A. Dennis (argued), Hopkinsville, Ky., for plaintiff-appellee.

Before MERRITT and CONTIE, Circuit Judges, and HOFFMAN,* Senior District Judge.

* The Honorable Walter E. Hoffman, Senior Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

1. The indictment reads as follows:

A. On or about the 18th day of January, 1980, the act of offering and agreeing to confer a pecuniary benefit upon Jefferson Circuit Judge Lawrence Higgins, a public servant, with the intent to influence said public servant's opinion, judgment, exercise of discretion, and other action in his official capacity as a public servant, in the case of *Commonwealth v. Eddie Lee Dupin,* which was chargeable under Section 521.020(a), Kentucky Revised Statutes, and punishable by imprisonment for more than one year.

B. On or about the 12th day of March, 1980, the act of offering and agreeing to confer a pecuniary benefit upon a Jefferson District Court Judge, a public servant, with the intent to influence said public servant's opinion, judgment, exercise of discretion, and other action in his official capacity as a public servant in the case of *Commonwealth v. Phillip Cunningham,* which was chargeable under Section 521.020(a) and Section 502.020, Kentucky Revised Statutes, and punishable by imprisonment for more than one year.

C. On or about the 24th day of March, 1980, the act of offering and agreeing to confer a pecuniary benefit upon a Jefferson District Court Judge, a public servant, with the intent to influence said public servant's opinion, judgment, exercise of discretion, and other action in his official capacity as a public servant in the case of *Commonwealth v. James Dupin,* which was chargeable under Section 521.020(a) and Section 502.020, Kentucky Revised Statutes, and punishable by imprisonment for more than one year.

benefit upon a public servant with the intent to influence the public servant's vote, opinion, judgment, exercise of discretion or other action in his official capacity as a public servant; . . . .

The statute in force prior to the enactment of KRS 521.020 provided explicitly that the government must prove as one element of bribery that the briber actually contacted the public servant with an offer of or gave pecuniary benefit to the public servant. The new statute does not refer to this element of the crime, and no Kentucky state court has interpreted this ambiguity in the statute. Therefore, this Court certified the following question to the Supreme Court of Kentucky pursuant to Kentucky Rule of Civil Procedure 76.37:

> Whether KRS 521.020(a), the Bribery of a Public Servant statute, is violated by a person who is not himself a 'public servant,' when said person accepts money from another upon the promise to 'pay off' a judge or influence a judge's actions, where the person accepting the money, in fact, never has any contact with the judge, directly or indirectly, regarding such payment?

The Supreme Court of Kentucky, 642 S.W.2d 901, responded to this question as follows:

> It is the opinion of this court that if the person accused of bribery has neither conferred any pecuniary benefit upon nor directed any communication to the public servant he has not violated KRS 521.-020(1)(a). Hence the answer to the question is 'no,' and the law is so certified.

The opinion of the Kentucky Supreme Court on this question is attached as an appendix to this opinion.

Since the government has not shown that Cissell conferred any pecuniary benefit upon or directed any communication to a judge, the government has failed to prove that Cissell violated the Kentucky bribery statute. It follows that the appellant should not have been found guilty under the RICO statute §§ 1962(c) and 1963. Appellant raises several other errors in his conviction but we find it unnecessary to review these issues in light of our finding discussed above.

Accordingly, the judgment of the District Court is reversed.

## APPENDIX "A"

SUPREME COURT OF KENTUCKY

82–SC–759–CL

UNITED STATES OF AMERICA      APPELLANT

v.      REQUEST FOR CERTIFICATION OF LAW

CHARLES L. CISSELL      APPELLEE

[Filed January 5, 1983]

OPINION OF THE COURT CERTIFYING THE LAW

In accordance with CR 76.37 the United States Court of Appeals for the Sixth Circuit has certified to this court the following question of law:

"Whether KRS 521.020[1](a), the Bribery of a Public Servant statute, is violated by a person who is not himself a "public servant," when said person accepts money from another upon the promise to "pay off" a judge or influence a judge's actions, where the person accepting the money, in fact, never has any contact with the judge, directly or indirectly, regarding any such payment?"

The relevant portion of KRS 521.020 reads:

"521.020. *Bribery of Public Servant.* —(1) A person is guilty of bribery of a public servant when:

(a) He offers, confers or agrees to confer any pecuniary benefit upon a public servant with the intent to influence the public servant's vote, opinion, judgment, exercise of discretion or other action in his official capacity as a public servant; . . . "

It is the opinion of this court that if the person accused of bribery has neither conferred any pecuniary benefit upon nor directed any communication to the public servant he has not violated KRS 521.-020(1)(a). Hence the answer to the question is "no," and the law is so certified.

All concur.

ATTORNEYS FOR APPELLANT:
Ronald E. Meredith
United States Attorney

Richard A. Dennis
Assistant United States Attorney
211 U.S. Courthouse Building
Louisville, Kentucky 40202
ATTORNEYS FOR APPELLEE:
Frank E. Haddad, Jr.
529 Kentucky Home Life Building
Louisville, Kentucky 40202
Samuel Manly
1025 Kentucky Home Life Building
Louisville, Kentucky 40202